IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 2:08-00518-LSC-HGD |
| ROBERT LEE | ) |
| | ) |

## PLEA AGREEMENT

The United States of America and defendant, **ROBERT LEE,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to **plead guilty to COUNTS 15, 16, 18 and 19 of the Indictment** filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the dismissal of **COUNTS 11-14,** as specified below.

## TERMS OF THE AGREEMENT

**I. MAXIMUM PUNISHMENT:**

The Parties understand that the maximum statutory punishment that may be

imposed for the crime of **Wire Fraud,** in violation of Title 18, United States Code, Section 1343, as charged in **COUNTS 15 and 16**, is:

    a. Imprisonment for not more than 20 years;

    b. A Fine of not more than $250,000;

    c. Supervised release term of not more than 3 years; and

    d. Special Assessment Fee of $100 per count.

## TERMS OF THE AGREEMENT

**I. MAXIMUM PUNISHMENT:**

The Parties understand that the maximum statutory punishment that may be imposed for the crime of **Credit Card Fraud,** in violation of Title 18, United States Code, Section 1029(a)(2), as charged in **COUNT 18**, is:

    a. Imprisonment for not more than 10 years;

    b. A Fine of not more than $250,000;

    c. Supervised release term of not more than 3 years; and

    d. Special Assessment Fee of $100 per count.

**I. MAXIMUM PUNISHMENT:**

The Parties understand that the maximum statutory punishment that may be

imposed for **Forfeiture in the amount of $256,963,** in violation of Title 18, United States Code, Section 981(a)(1)(D) and 28 United States Code, Section 2461(c), as charged in **COUNT 19.**

    a.    Imprisonment for not more than 20 years;

    b.    A Fine of not more than $250,000;

    c.    Supervised release term of not more than 3 years; and

    d.    Special Assessment Fee of $100 per count.

## II. <u>FACTUAL BASIS FOR PLEA</u>:

**The defendant hereby stipulates to the accuracy of the following information:**

After contact with the Birmingham Police Department, the U.S. Secret Service launched an investigation which indicated that Robin Lee Jones, an employee of <u>Barbers' Dairy Company, L.L.C.</u> illegally made over $250,000 in unauthorized credit card purchases[1].

Jones, an eight year employee, served in a clerk position at Barber's, a 300-

---

[1] Credit card debits were made over numerous vehicle retail and repair businesses although we limit our charges to three: **Express Oil Change**, Birmingham, AL., **York Travel Plaza**, York, AL. and **Livingston Texaco/Shell**, Livingston, AL. Barber's Diary has estimated total but unprovable losses at <u>$548,006.</u>

employee company. She was exclusively in charge of the company's nationally utilized Fuelman credit card system.[2] Each company truck driver possessed a credit card for vehicular use. Jones had no card for official use. In her position, she was tasked to pay the accumulated credit card charges incurred by company drivers.

From January 2005 to October 2007, a total of $256,963 was charged on credit cards, which affected interstate commerce. Multiple charges, aggregating to approximately $17,597.26 were incurred at the Express Oil Change Company, 1123 Huffman Road, Birmingham, AL. 35215. Branch manager, *Joseph William Blaize* identified **Robin Jones** as having used the card's serial and pin number. He stated that she had also allowed her son Dominic Lee and a second younger son to use it.[3] The oil company did not require the physical card but users recited the 17-digit number: XXXXXXXXXXXXX1371, and 4-digit pin number. Jones' residence is located near the business.[4]

---

[2] **Fuelman** is a division of FleetCor, the Fleetcard Company, Norcross, GA. FleetCor is backed by leading private equity investors-Bain Capital, Advent International & Summit Partners.

[3] Robin Jones and Dominic Lee usually drove a 1997 Chevy Surburban; the younger son drove a 1995 Nissan Maxima. There were other vehicles charged against, as well.

[4] Jones was such a well-known and favored customer that an assistant manager would deliver food when sick.

Also, Jones falsified incoming <u>Fuelman Fleet Management Reports</u> by altering information to disguise charge locations.

The investigation revealed that credit card charges were made for diesel fuel purchased at the <u>York Travel Plaza</u>, York, Al. *Christine Rogers*, company cashier identified Jones brother, **Robert Lee**, as having used the credit card at the business on numerous occasions totaling approximately <u>$13, 488.63</u>, to purchase diesel fuel for logging trucks displaying "RJ Trucking" on the side. Robin Jones and her brother co-owned "RJ Trucking" Company.

Specifically, Lee incurred charges on the Fuelman credit card account number XXXXXXXXXXXX 3632 at York Travel Plaza on approximately 32 different occasions from July to September 2007. Lee's residence is located near the York Travel Plaza.

Lee incurred approximately <u>$147,000</u> credit card charges at the Texaco/Shell Truck Stop, Livingston Al.

In transacting all credit card debits, *interstate wire transactions* between Birmingham, York and Livingston, AL. to Norcross, GA were caused to be made by the defendants.

On June 6, 2008, SA Stephen Lewis interviewed **Robert Lee** at his residence, 101 Tin Cup Alley, Livingston, AL, which was also listed as the

trucking business's address. Lee stated that he received the card from his sister, Robin Lee Jones. According to Lee, Jones told him that there was an agreement between she and the Barber Company where she could use the card in exchange for her son, Dominic Lee playing football at the University of Alabama.

In a November 15, 2007, State of Alabama Unemployment Compensation Appeals hearing, **Robin Jones** admitted using the credit card for her personal use. When asked if she denied using the card at the Express Oil Exchange located near her residence, she replied, <u>"No, I don't deny it"</u>. She further stated that <u>she did not recall </u>if she allowed the card to be used to charge close to $200,000 in diesel fuel for a business called RJ Trucking.[5] When asked if she was permitted to use the card to purchase repairs on her personal vehicles and those of other family members, she replied, <u>"Well, they never told me I couldn't"</u>.

The Barber Company commissioned a forensic auditing company to recreate fraud amounts. The audit found the alleged violations and other uncharged extrinsic fraud evidence.

During the course of the fraud, Jones owned a 2003 GMC Denali truck, a 1997 Chevrolet Suburban, a 2004 Chevrolet Malibu, a 1995 Nissan Datsun-

---

[5] The investigation does not reveal that the $200,000 figure referred to was debited for diesel fuel.

Maxima, a 2000 Ford F-150 pickup truck. All vehicles appear on work invoices from the Express Oil Exchange within the course of the dates charged.

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be sentenced at the <u>low end</u> of the sentencing guidelines range;

(b) That the defendant be given a three-level credit for acceptance of responsibility(if applicable), otherwise two levels;

(c) That the defendant be placed on supervised release for a period of <u>5 years</u>, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3, and to special conditions set by the court;

(d) That the defendant be required to pay a fine <u>to be set by the court</u>, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay *restitution* in the amount found due and owing by the court to all applicable victims:

[Special Note: The defendant agrees to pay all attributable restitution.]

(f)     That the defendant pay a special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

As a term and condition of this Plea Agreement I, ROBERT LEE, hereby waive my right to appeal my conviction in this case, any fines, restitution, and/or sentence (including one for revocation of release) that the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding:

(a)     Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

(b)     Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the

court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, ROBERT LEE, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Robert Lee*
[DEFENDANT'S NAME]

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should she (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of (13) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO**

INDUCE ME TO PLEAD GUILTY.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

[                              "N/A"                              ]
(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

3-17-09                         _____
DATE                            [ROBERT LEE]
                                Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in

accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

_3-11-09_
DATE

_[signature]_
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

by:

_3-16-09_
DATE

_[signature]_
Frank M. Salter
Assistant United States Attorney