# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CASE No. 2:08-00518-LSC-HGD** |
| ) | |
| **ROBIN LEE JONES** ) | |
| **ROBERT LEE** ) | |

## <u>THE UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE</u>

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Final Order of Forfeiture in the above-entitled case for the reasons set forth below.  A proposed order is submitted with this motion.

1. Defendants Robin Lee Jones and Robert Lee ("the defendants") have pleaded guilty to various offenses alleged in Indictment.  In particular, Jones has pleaded guilty to, among other things, wire fraud offenses alleged in Counts 1, 2, 11, and 12; and Lee has pleaded guilty to, among other things, wire fraud offenses alleged in Counts 15 and 16.  The defendants also pleaded guilty to Indictment Count 19, in which the United States gave notice to the defendants that, in the event of their conviction, they would be required to forfeit to the United States all proceeds derived from their wire fraud offenses, which is the sum of $256,963.

2. The United States has not, as of this date, identified specific assets that were derived from the offenses for which the defendants have been convicted.

Nor has the United States yet identified any property of the defendants that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

3. Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment against the defendants in the amount of $256,963. Moreover, the United States requests that the Court hold the defendants jointly and severally liable for this sum because they have both been convicted of the same offenses charged in the Indictment. *United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005) (all coconspirators are jointly and severally liable for the amount of the forfeiture regardless of how much or how little they benefitted from the conspiracy); *United States v. Genova*, 333 F.3d 750, 761 (7th Cir. 2003) (because all codefendants are liable for the sum of the proceeds realized by each other, the payer of kickback to a city official is liable for what he received from the city as well as the amount of the kickback, and the city official is liable for the same); *United States v. Edwards*, 303 F.3d 606, 643-44 (5th Cir. 2002) (finding appropriate district court order holding coconspirator defendants jointly and severally liable for forfeiture amount); *United States v. Pitt*, 193 F.3d 751, 765-66 (3rd Cir. 1999) (imposing joint and several liability on convicted coconspirators; district court did not err in converting special verdict, in which jury found each defendant liable for a specific sum, into a judgment making both defendants liable for the aggregate amount); *United States v. Chubbuck,* 581 F.

Supp.2d 78, 81-82 (D. Me. 2008) (declining to enter forfeiture order that appears to apportion liability among co-defendants instead of making each jointly and severally liable).

    4.    The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.  Such orders of forfeiture are commonplace.  *See United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the United States is not required to trace the money to any specific asset); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds).

    5.    Once the Final Order of Forfeiture is entered, the United States may move at any time pursuant to Rule 32.2(e)(1)(B) to amend the Order to forfeit specific property of the defendants, having a value up to the amount of the money judgment, as substitute assets.

    WHEREFORE, by virtue of the defendants' plea agreements, a money judgment should be entered against them.  Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture as proposed in the *attached order.*

Respectfully submitted this 31st July 2009.

                                                Respectfully submitted,

                                                JOYCE WHITE VANCE
                                                United States Attorney

                                                      /s/
                                                FRANK M. SALTER
                                                Assistant U.S. Attorney
                                                1801 Fourth Avenue North
                                                Birmingham, Alabama 35203
                                                (205) 244-2001

## Certificate of Service

    I, Frank M. Salter, hereby certify that I have caused a copy of the foregoing to be served on all counsel of record, by electronic filing, this the 31st day of July 2009.

                                             /s/
                                 FRANK M. SALTER